UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>          Plaintiff,<br><br>vs.<br><br>C. LANE, *et al.*,<br><br>          Defendants. | Case No. 1:12-cv-01875-RRB<br><br>**ORDER DENYING MOTION TO**<br>**APPOINT COUNSEL AT DOCKET 25**<br>**and**<br>**GRANTING MOTION FOR EXTENSION**<br>**TO RESPOND AT DOCKET 26** |

At **Docket 25** Plaintiff Timothy Howard, a state prisoner appearing *pro se*, moved for the appointment of counsel. Generally, a state prisoner has no right to counsel in civil actions.[1]

> However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together.[2]

The availability of *pro bono* counsel to represent indigent prisoners is limited. While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, for the reasons set forth below the Court has determined that this is not a case in which it is necessary to appoint counsel.

---

[1]      *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

[2]      *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

In his pending motion, in addition to arguing that the issues presented by his complaint are legally complex, Howard argues that he does not understand the procedure for responding to the Order to Show Cause entered by the Court regarding the failure to serve S. Furlong.[3] The Court's review of the pleadings and documents, in particular his pending motion seeking appointment of counsel, belies Howard's contention that he has a limited knowledge of the law, or that his limited access to the law library significantly impairs his ability to prosecute this case. The Court further notes that, as presently constituted, the outcome of this case is primarily fact-driven; not one presenting complex issues of law.

At **Docket 26** Plaintiff has moved for additional time to respond to the Court's Order to Show Cause regarding the failure to serve Defendant S. Furlong. For good cause shown and in the interests of justice that motion will be granted.

Accordingly, Plaintiff's Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1) at **Docket 25** is **DENIED**.

Plaintiff's Motion for Extension of Time at **Docket 26** is **GRANTED**. Plaintiff is granted an extension up to and including **June 16, 2014**, within which to respond to the Court's Order to Show Cause. Counsel for Defendants is requested to provide such assistance as may be appropriate to locate Defendant S. Furlong for service or alternatively accept service on Furlong's behalf.

**IT IS SO ORDERED** this 15th day of May, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[3]     *See* Docket 22.