UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>    Plaintiff,<br><br>vs.<br><br>C. LANE, *et al.*,<br><br>    Defendants. | Case No. 1:12-cv-01875-RRB<br><br>**ORDER DENYING MOTION AT DOCKET 29; STRIKING SECOND AMENDED COMPLAINT; and DISMISSING CLAIMS AGAINST DEFENDANT S. FURLONG** |

At **Docket 29** Plaintiff Timothy Howard moved for another 30-day extension of time to respond to the Court's Order to Show Cause for the failure to obtain service on Defendant S. Furlong.[1] Howard has also lodged a Second Amended Complaint.[2] For the reasons that follow, the Court **DENIES** the motion to extend time, **STRIKES** the Second Amended Complaint, and **DISMISSES** the action as against Defendant S. Furlong.

## I. BACKGROUND

In screening the Amended Complaint, the Magistrate Judge found that Howard had pleaded a viable First Amendment – Retaliatory Gang Violation claim against Defendants M. Harris, S. Furlong, and J. Martins, and a First Amendment – Inmate Grievance Process

---

[1]    *See* Docket 22.

[2]    Docket 31.

claim against Defendants M. Harris and J. Martins. All other claims were dismissed.[3] Defendants M. Harris and J. Martins have answered the Amended Complaint.[4] The summons issued to S. Furlong was returned unexecuted on March 7, 2014.[5] On April 14, 2014, this Court entered an Order to Show Cause ("OSC") on or before May 14, 2014, why the complaint as to S. Furlong should not be dismissed without prejudice for the failure to serve him.[6] In response, Furlong requested appointment of counsel predicated in part on a contention that he did not understand how to respond to the OSC.[7]

## II.  DISCUSSION

The Court has re-examined the First Amended Complaint ("FAC"). As relevant to his retaliatory gang violation claim against Defendant Furlong, in his FAC Howard alleges that Furlong falsified a CDCR 128-B for association.[8] Attached to Howard's current motion is a copy of the Gang Information submitted by Furlong. That document refers to a CDCR 128-B dated 6/21/01 contained in the Central File, authored by another correctional officer (L. Sprouse) in which it was reported that Howard had communicated in Swahili with a

---

[3]   Docket 8. The dismissed claims included: (1) Due Process – Initial Administrative Segregation; (2) Conspiracy – Retaliation; (3) Due Process – Gang Validation; (4) Supervisory liability; and (5) Eighth Amendment.  The Court gave Howard the option of either filing an amended complaint or proceeding on the two claims that were not dismissed.  Howard elected to proceed on the remaining two claims.  Docket 9.

[4]   Docket 23.

[5]   Docket 19.

[6]   Docket 22.

[7]   Docket 25.

[8]   Docket 6, pp. 30–31, ¶ 79.

validated member of the prison gang known as the Black Guerilla Family (BGF).[9] According to Howard, he was found not guilty of that offense and it was expunged from the records. Howard further contends that because it was more than six years old, it could not be used to validate him as a gang member. What Howard does not allege is that Furlong's extract from the CDCR, i.e., that Howard spoke Swahili, was false.[10] If it was, in fact, improperly used by the official who validated Howard as a BGF member, while it may support a claim against the validating official or for this Court to order Howard's validation expunged, it does not give rise to a § 1983 claim against Furlong.

The other allegation against Furlong refers to a Confidential Information Disclosure Form in which Furlong refers to a confidential memorandum authored by Defendant Harris in which Harris alleges to have found "Black August" material regarding the BGF.[11] Howard then reiterates his contentions that the statements by Martin and Harris concerning the materials they discovered in Howard's cell are false. Howard's conclusory statements implicating Furlong are unsupported, indeed are in fact contradicted, by his specific allegations regarding the evidence utilized to support the gang validation finding. The evidence conclusively establishes that Furlong was merely repeating information contained in the Central Files provided by others. Other than Howard's conspiracy allegations, which

---

[9]   Docket 25, p. 7, ¶ (3) (referring to Exhibit P at p. 49).

[10]  In his FAC Howard alleges that: (1) the reference to a 128-B is incorrect, it was actually a Rules Violation Report 115; (2) it was dismissed because the hearing officer found that Swahili is not a prison gang language. Docket 6, p. 25, ¶ 47 subparagraph 3).

[11]  Docket 25, p. 7, ¶ (4) (referring to Exhibit Q at p. 51).

were eliminated by the screening order, there is no allegation that Furlong himself made any false statement.[12]

It is apparent from the First Amended Complaint, particularly in light of the material submitted by Howard in his motion for appointment of counsel, that the Magistrate Judge erred in finding that Howard had pleaded a viable claim against Furlong and that service was appropriate. While Howard has pleaded sufficient facts regarding the acts of Harris and Martin, there is no credible allegation that Furlong fabricated any evidence; Furlong simply reiterated material that was contained in Howard's Central File. Therefore, to the extent that it ordered service on Defendant S. Furlong, the Order Finding Service of Complaint Appropriate and Forwarding Service Documents to Plaintiff for Completion and Return Within Thirty Days at Docket 11 was in error and improvidently entered.

At **Docket 31** Howard submitted a Second Amended Complaint. Because Howard had not obtained leave of Court to file an amended complaint,[13] the Clerk of the Court entered it as being lodged, not filed. The Court, having reviewed the proposed Second Amended Complaint, has determined that it adds neither new parties nor claims. It is therefore unnecessary to the resolution of this matter. Because it is superfluous, granting leave to file it would serve no useful purpose in resolving the dispute before the Court.

### III. ORDER

Accordingly, for the reasons set forth above, the Court **ORDERS** as follows:

---

[12] Nor is there any allegation, let alone evidence, that Furlong had any more reason than the official who validated Howard's gang affiliation to doubt the veracity of the materials Howard cited.

[13] Fed. R. Civ. P. 15(a).

      1.      The claims against Defendant S. Furlong are **DISMISSED**, in their entirety, with prejudice.

      2.      The Motion for Extension of Time at **Docket 29** is **DENIED**, as moot.

      3.      The Second Amended Complaint at **Docket 31** is hereby **STRICKEN**.

**IT IS SO ORDERED** this 5th day of June, 2014.

                                S/ RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE