UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>          Plaintiff,<br><br>vs.<br><br>C. LANE, *et al.*,<br><br>          Defendants. | Case No. 1:12-cv-01875-RRB<br><br>**ORDER DENYING<br>MOTION AT DOCKET 35** |

At **Docket 35** Plaintiff Timothy Howard has moved for leave to file an amended complaint seeking to add a request for injunctive relief, damages, and a claim against the Defendants in their official capacity. Howard previously attempted to file his second amended complaint,[1] which this Court struck as being superfluous and unnecessary.[2]

This case is presently proceeding under the First Amended Complaint.[3] After screening the First Amended Complaint, the Court permitted Howard to proceed on a First Amendment claim against Defendants M. Harris, S. Furlong, and J. Martins.[4] Howard declined the Court's invitation to file an amended complaint and elected to proceed on the claims against those three defendants.[5] Subsequently, this Court determined that service

---

[1]     Docket 31.

[2]     Docket 34.

[3]     Docket 6.

[4]     Docket 8.

[5]     Docket 9.

on S. Furlong had been improvidently ordered and dismissed the complaint against Furlong.[6]  Howard is currently incarcerated at the Pelican Bay State Prison.

The First Amended Complaint, which arises out of Howard's incarceration at the California Substance Abuse Treatment Facility ("CATF"), seeks monetary damages, an expungement of allegedly false documents from his record, release from the SHU, and a transfer out of state.

To the extent that Howard seeks injunctive relief, neither M. Harris nor J. Harris have the requisite authority to arrange his transfer either to another facility, change his name, expunge his records, or curtail searches by other correctional officers. Consequently, an order directing them to do so would be futile.  Furthermore, Howard's subsequent transfer to Pelican Bay renders his request to be released from the SHU and his request to be transferred to another facility moot. As for his official capacity claim, a claim against a state official in his official capacity is no different than a claim against the state itself. Consequently, it is barred by the Eleventh Amendment.[7]

Howard's proposed Second Amended Complaint seeks no relief that this Court may grant beyond that sought in the First Amended Complaint. Accordingly, because the Second Amended Complaint is unnecessary and superfluous, the Motion for Leave to File an Amended Complaint at **Docket 35** is **DENIED**.

**IT IS SO ORDERED** this 24th day of June, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6]     Docket 34.

[7]     *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70–71 (1989).

ORDER DENYING MOTION AT DOCKET 35
*Howard v. Lane*, 1:12-cv-01875-RRB - 2