UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>          Plaintiff,<br><br>vs.<br><br>C. LANE, *et al.*,<br><br>          Defendants. | Case No. 1:12-cv-01875-RRB<br><br>**ORDER DENYING<br>MOTION AT DOCKET 46** |

At **Docket 46** Plaintiff Timothy Howard has moved for an order compelling Defendants M. Harris and J. Martin to respond to several discovery requests. Defendants M. Harris and J. Martin have opposed the motion.[1] Although the time therefore has lapsed, Howard has not replied.

## I.   BACKGROUND

In screening the Amended Complaint, the Magistrate Judge found that Howard had pleaded a viable First Amendment – Retaliatory Gang Violation claim against Defendants M. Harris, S. Furlong, and J. Martins, and a First Amendment – Inmate Grievance Process claim against Defendants Harris and Martins. All other claims were dismissed.[2] Subsequently, the Court dismissed the claim against S. Furlong.[3]

---

[1]  Docket 47.

[2]  Docket 8.

[3]  Docket 34.

ORDER DENYING MOTION AT DOCKET 46
*Howard v. Lane*, 1:12-cv-01875-RRB - 1

## II.   APPLICABLE STANDARD

In general, a party is entitled to the discovery of any and all non-privileged matters relevant to the issues presented in the pleadings, including inadmissible material that might logically lead to the discovery of admissible evidence.[4]

## III.   DISCUSSION

As Defendants note, the information Howard seeks falls within one of three topical categories:  (1) information concerning a staff assault that occurred on February 2, 2010; (2) information concerning prison gangs and California Department of Corrections and Rehabilitation policy concerning prison gangs; and (3) request for log book entries.

Howard's retaliation claim is predicated upon his allegations that Harris and Martins "fabricated" the evidence that was used in part to validate him as a member of the Black Guerilla Gang. The investigation into the alleged staff assault in February 2010 bears no relevance whatsoever to this issue.[5] More importantly, there is no allegation as against either Harris or Martins that they, or either of them, improperly validated him. Indeed, the allegations of the First Amended Complaint, upon which this case is proceeding, unequivocally establishes that, although it was based at least in part of information provided by Martins and Harris, the validation was made by another officer. Thus, neither

---

[4]  Fed. R. iv. P. 26(b)(1).

[5]  The Court notes that in responding to this motion Defendants concede that the report filed by Harris did not conclude that Howard was implicated in the February 2, 2010, staff assault.

ORDER DENYING MOTION AT DOCKET 46
*Howard v. Lane*, 1:12-cv-01875-RRB - 2

the validity of the validation nor whether the evidence was sufficient to support the validation as a gang member is at issue in this case.[6]

In its Screening Order, the Court also permitted the case to proceed as against Harris and Martins on the First Amendment – Inmate Grievance claim based on the allegation that they tore up his grievance. Further review of the Amended Complaint indicates that in this the Court erred. With respect to that claim Howard alleges:

> [. . . .]  And at that time prisoner requested the document back and at that time IGI/ISU Officer Harris looked at (IGI/ISU) Martins and said "since Howard wants to file paperwork on us, why don't we file on him"?? and (IGI/ISU) Officer Martins replied "thats a plan" and at that time asked for the papers a second time, and at that time (IGI/ISU) Martin tore up my appeals, exhibits, letters, etc, however I had copies and the originals, but I wanted defendants to assume that those were my only copies so that they wouldn't search my cell and confiscate my only documents and exhibits (defendants stated that they knew I contacted internal affairs).[7]

Accepting as it must that the allegation is true, while the Court does not condone the alleged conduct, it does not give rise to a viable claim under § 1983. The Court starts with the proposition that the right of access to the courts is a well established fundamental constitutional right.[8] It is, however, also well established that there must be some injury and that requirement is not satisfied by just any type of frustrated legal claim.[9] Access to the courts in the Constitutional context is the opportunity to prepare, serve, and file such pleadings and documents necessary or appropriate to commence or prosecute court

---

[6] In the context of this case, the Court must assume that the evidence was sufficient to support Howard's validation.

[7] Amended Complaint, Docket 6, p. 7.

[8] *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977).

[9] *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

proceedings affecting one's personal liberty.[10] Access to court claims are of two types—a forward-looking claim, *i.e.*, one in which the action seeks to remove impediments or road blocks to future litigation, and a backward-looking claim, *i.e.*, one in which specific litigation ended poorly, or could not have commenced, or could have produced a result subsequently unobtainable.[11] The alleged acts of Harris and Martins that they destroyed his appeal documents do not meet either. That is, because he has not pleaded, nor may he truthfully plead, that the actions deprived him of his, right to seek redress, Howard suffered no harm as a result of that act, the *sine qua non* of a § 1983 action. The appropriate remedy is an internal disciplinary investigation and appropriate action by CDCR against Defendants, not a civil rights action in this Court.

The sole triable issue upon which this case depends is whether or not Defendants Harris and Martins, or either or them, provided false information upon which Plaintiff was validated as a gang member and, if so, the appropriate remedy.

## IV.   ORDER

The Motion to Compel and Motion for Sanctions at **Docket 46** is **DENIED**.

**IT IS SO ORDERED** this 29th day of January, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[10]  *Id*. at 384 (Thomas, J. concurring); *Philips v. Hust*, 477 F.3d 1070, 1075–76 (9th Cir. 2007); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159–60 (9th Cir. 2003).

[11]  *See Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002).